**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

NISAN NOVACK, STUART NOVACK,
and HELIDA NOVACK,           1:16-cv-8575 (NLH/JS)

       Plaintiffs,     **MEMORANDUM**
                       **OPINION & ORDER**

v.

STRAYER UNIVERSITY,

       Defendant.

---

**APPEARANCES:**

NISAN NOVACK
113 EBBETS DRIVE
ATCO, NJ 08004
    Appearing pro se

STUART NOVACK
8 NASSUA DRIVE
WILLINGBORO, NJ 08046
    Appearing pro se

HELIDA NOVACK
113 EBBETS DRIVE
ATCO, NJ 08004
    Appearing pro se

**HILLMAN**, District Judge

    WHEREAS Plaintiffs Nisan Novack, Stuart Novack, and Helida Novack, appearing pro se, filed a complaint on November 16, 2016 against Defendant Strayer University; and

    WHEREAS Plaintiffs claim they were subject to "handicap discrimination," "religious discrimination," and "age

discrimination"; and

WHEREAS Plaintiffs have filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); and

WHEREAS the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Security, No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any

defendant who is immune from suit."); and

WHEREAS pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS Plaintiffs have not proffered any facts or allegations regarding the basis for the complaint, apart from stating an incident occurred in January 2012 in Cherry Hill, New Jersey at the Strayer University campus, see generally Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) ("Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))); and

WHEREAS Plaintiffs have further not stated how they were injured nor requested any particular relief from this Court, see id.; and

WHEREAS the Court therefore finds Plaintiffs' complaint is deficient; and

THEREFORE,

IT IS on this __8th__ day of _____January_____, 2018

ORDERED that Plaintiffs' IFP application (Docket No. 1-2) is hereby **GRANTED**, and the Clerk is directed to file Plaintiffs' complaint; and it is further

ORDERED that Plaintiffs shall have twenty (20) days to amend their complaint to properly cure the deficiencies noted above. If Plaintiffs fail to do so, this case will be dismissed for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |